UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDALL JENNETTE,                           :
                                            :
                          Petitioner        :        CIVIL NO. 1:CV-16–0715
          vs.                               :
                                            :        (Judge Caldwell)
JOHN WETZEL, *et al.*,                       :
                                            :
                          Respondents       :


*M E M O R A N D U M*

I.   *Introduction*

          Presently before the court is Randall Jennette's petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 seeking his immediate release following his

supposed satisfaction of fines and costs associated with his criminal sentence.  At this

time, we will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254

Cases.  *See also* 28 U.S.C. § 2243.  For the reasons that follow, it will be dismissed.[1]


II.   *Standard of Review*

          Section 2243 of the United States Code Title 28 provides in relevant part:

          A court, justice or judge entertaining an application
          for a writ of habeas corpus shall forthwith award the
          writ or issue an order directing the respondent to
          show cause why the writ should not be granted,

---

          [1]  We dismissed a previous 2254 petition raising a similar claim in *Jennette v. Whitsell*, No. 15-CV-1643, 2015 WL 5123679 (M.D. Pa. Sept. 1, 2015)(Caldwell, J.).  The Third Circuit denied a certificate of appealability but gave Petitioner the option of filing another 2254 petition because we had not given him a warning under *Mason v. Myers*, 208 F.3d 414, 418-19 (3d Cir. 2000).  *Jennette v. Secretary Dep't of Corr.*, C.A. No. 15-3228 (3d Cir. Feb. 19, 2016).

> unless it appears from the application that the
> applicant or person detained is not entitled thereto.

A pro se pleading is "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Likewise, a pro se habeas petition must be construed liberally.  *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Denny v. Schult*, 708 F.3d 140, 148 n.3 (3d Cir. 2013); *see also* 28 U.S.C. §§ 2243, 2255.

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow.  A person seeking federal habeas corpus review must assert a violation of the federal constitution or federal law.  28 U.S.C. § 2254(a). Federal habeas relief is not available for errors of state law.  *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011).

III.    *Background*

Jennette is currently in the custody of the Pennsylvania Department of Corrections pursuant to a judgment of the Court of Common Pleas of Dauphin County, Pennsylvania, after he was convicted of two counts of unsworn falsification to authorities (forged/altered documents) and two counts of tampering with public records/information. Following a jury trial before the Honorable Judge John F. Cherry, he was sentenced on July 30, 2008, to an aggregate term of eight to sixteen years at a state correctional

institution and required to pay fines and costs in excess of $4,500.  *See Commonwealth v. Jennette*, CP- 22-CR-004413-2007 (Pa. Ct. Com. Pl. Dauphin Cnty.).

In his petition, Jennette asserts that pursuant to Fed. R. Civ. P. 60(b)(5), he is entitled to be released "upon satisfaction of payment of penal bond."  (Doc. 1, ECF p. 1). Jennette attaches what he has styled a "Notice of Judgement" in an action he describes as *Jennette v. Pennsylvania Commonwealth*, *et al.*, No. 2013-CV-01631 (Pa. Ct. Com. Pl. Dauphin Cnty.).  *See* Doc. 1-1, ECF p. 2.  Petitioner claims that document proves "petitioner, to be creditor, and respondent, as a debtor."  (Doc. 1, ECF p. 1).  He also attaches a "Certificate of Default" in another civil matter, *Jennette v. Commonwealth*, *et al.*, No. 2014-CV-04249 (Pa. Ct. Com. Pl. Dauphin Cnty.), where he declares "Judge Sacavage has defaulted upon the Conditional Acceptance of Order dated 12/8/14" and has thereby subjected Pennsylvania "to its full commercial liability" "in the sum certain amount of $100,000,000,000.00 dollars.  Due to failure to answer or otherwise plea (sic)." (Doc. 1-1, ECF p. 5).  Finally, Jennette provides a copy of his June 29, 2015,  "Surety Bond" or "Justification" in which he "acknowledge [himself] to pay, or cause to be paid all costs" associated with his criminal case by "underwrite [his] private exemption ID#119465695, and/or render Judgement (see attached Certificate of Default, Exhibit A), in accordance with HJR 192, all costs that may be proven."  (Doc. 1-1, ECF p. 6). Petitioner states that he "is still being held unconstitutionally after satisfaction of the debt." (Doc. 1, ECF p. 1).  He argues his continued confinement "after [his] debt has been satisfied" violates his constitutional rights.  (*Id.*)

-3-

IV.    *Discussion*

      The United States Supreme Court held in *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2022, 26 L.Ed.2d 586 (1970), that states "may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine."  In *Tate v. Short*, 401 U.S. 395, 397-98, 91 S.Ct. 668, 670-71, 28 L.Ed.2d 130 (1971), the Supreme Court held that a fine imposed under a "fine only" statute may not be converted to a jail term solely because the defendant is too poor to pay the fine.

      Jennette claims his June 29, 2015, "satisfaction of payment of penal bond" entitles him "to release from State custody."  (Doc. 1, ¶¶ 3 -5; Doc. 1-1, ECF p. 6). Jennette's Petition fails to present any grounds justifying release from custody under his sentence.  In his Petition, Jennette does not suggest that he is imprisoned beyond his maximum sentence based on his inability to pay his fines or costs.  He does not suggest that his underlying term of imprisonment of eight to sixteen years has expired or has otherwise been overturned.  Rather, he simply argues that, by way of his assignment of his monetary judgment in unrelated civil matters, he has satisfied the monetary penalties imposed in his criminal case.  As Jennette's petition does not challenge his underlying conviction, or the imposition of his sentence, it will be dismissed.

      We will issue an order denying the section 2254 petition.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying

his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial

of a certificate of appealability does not prevent him from doing so, as long as he also

seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of

Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 9, 2016